## Ida Witzmann
### v.
## Paulina Koerber.

*Parent and Child—Illegitimate Child—Board of—Express Promise to Pay—Adoption—Instruction—Evidence.*

Witzmann v. Koerber.

One who supports and cares for the child of another, treating it as his own, without really adopting it, can not recover for its board. in the absence of an express promise to pay therefor. Liability in such a case will not attach until the child has been tendered, or notice given that it will no longer be boarded free of charge.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Du Page County; the Hon. C. W. UPTON, Judge, presiding.

Messrs. E. H. & N. E. GARY, for appellant.

It was not necessary that the plaintiff should prove " an express promise " to pay, in order to be entitled to recover. In the first place the rule is different as applied to parent and child and aunt and nephew. Relationship tends to rebut the legal presumption of a promise to pay, but of itself it is held not to overcome this presumption, except as between parent and child. Gallagher v. Vought, 8 Hun, 87; Neal v. Gilmore, 79 Pa. St. 421; Erbern v. Lorillard, 19 N. Y. 302; Scully v. Scully, 28 Iowa, 548; Ayres v. Hull, 5 Kan. 419.

Slight evidence will overcome the presumption that there is to be no compensation. Neel v. Neel, 59 Pa. St. 347; Hays v. McConnell, 42 Ind. 288; Freermuth v. Freermuth, 46 Cal. 42.

Mr. WILLIAM NUNN, for appellee.

LACEY, P. J. This was a suit in assumpsit brought by the appellant against the appellee to recover for seven or eight years' board of the illegitimate child of the latter, who was the sister of the appellant.

The right to recover was based on an alleged agreement between the parties that the appellant was to be paid at the rate of two dollars per week for the board.

The appellant supported her claim of an express promise by her own testimony, somewhat corroborated by her sister, Leah Potter. The appellee denied that any promise was made to pay for its board, but on the contrary the appellant

took the boy as her own and had him christened as her own child, and never demanded or expected pay for his keeping till 1886. The child was taken in 1877. This testimony was strongly corroborated by the husband of appellee and his brother, and Magdalena and Bettie Newberger. It abundantly appears that the appellant took the child as her own and adopted it—in fact, that she stood *in loco parentis*, without any express promise on the part of appellee to pay for the board of the child. The jury would not have been justified in finding anything else by their verdict.

The appellant based her entire right to recover upon an express promise, and states in her brief that " plaintiff abandoned all claim for clothing," because " there was no evidence tending to show a promise to pay for clothing." Under the circumstances there was no error committed by the court in submitting the question to the jury for special finding: " Was there any express contract between the parties for defendant to pay for the board and clothing in question?" There were no circumstances surrounding the transactions of the parties from which an implied promise could be inferred. This was so well understood that appellant withdrew her claim for the child's clothing from before the jury. She relied wholly on an express promise, as we think the evidence clearly shows she was compelled to, and as to the issue on the question of an express promise we are satisfied with the general and special verdict of the jury.

The court committed no error in instructing, under the evidence and circumstances of the case, that an express promise to pay was necessary.

It is insisted by the attorney for appellant that, at all events, the appellant had the right to recover for the board of the boy from July 9, 1886, the day she wrote a letter to appellee by her husband, saying, " Willie is ready to go to Lombard as soon as possible." We do not so understand the law. In this letter there was no notification that the appellant would no longer keep the child in the same relation as before, but only that she, or the boy, was willing that appellee might have him, as the latter had, on the 5th July, requested him and was refused.

Appellant should, if she was desirous of terminating her former relation, have either tendered the child or given notice that she would no longer board him free of charge. Chilcott v. Trimble, 13 Barb. 502.

Perceiving no error in the record the judgment is affirmed.

*Judgment affirmed.*

Judge UPTON, having tried the case below, took no part in the decision here.